IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ETHERIDGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUDSON GROUP a/k/a HUDSON NEWS ) <br> GROUP, ) <br> ) <br> Defendant. ) | Case No. 1:20-cv-7204 <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, RICHARD ETHERIDGE (Plaintiff or "Etheridge"), by and through his attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, HUDSON NEWS GROUP, states as follows:

## PARTIES

1. The Plaintiff, Richard Etheridge, is an individual residing in Chicago, Illinois

2. Defendant Hudson Group a/k/a Hudson News Group ("Defendant" or "Hudson") is a company transacting business in the State of Illinois, with offices located at 2447 East Higgins Road, Elk Grove Village, Illinois 60007.

## JURISDICTION AND VENUE

3. The claim against Defendant is for disability discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 USC 12101, *et seq*., race and gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Civil Rights Act of 1991, and age discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq*.

1

4. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

5. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## COUNT I
## DISABILITY DISCRIMINATION

6. Plaintiff brings this cause pursuant to the Americans with Disabilities Act, 42 USC 12101 *et seq.*, and the Civil Rights Act of 1991.

7. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

8. Plaintiff filed this cause pursuant to a Right to Sue Letter issued by the Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

9. Plaintiff at all times relevant hereto, was a disabled person as defined by 42 USC 12102(2).

10. Plaintiff, at all times relevant hereto, was regarded and perceived as being disabled by his employer.

11. Defendant, at all times relevant hereto, was an employer as defined by 42 USC 12111(5).

12. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

13. On or about February 19, 2019, Plaintiff sustained work related injuries when he was attacked on the job by a co-worker.

14. As a result of the attack by a co-worker, Plaintiff suffered a cracked jaw, sprained nose, injury to his left and right arm, separated rotator cuff and an injured hip and knee.

15. Plaintiff was able to return to work with weight restrictions.

16. Further Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while delivering materials on Defendant's behalf.

17. Shortly after being injured, Plaintiff was informed by his employer that he would be disciplined.

18. Plaintiff complained to his employer that he was being discriminated against on the basis of his disability caused by his work injuries.

19. Subsequently, Plaintiff was not placed on the morning shift, and was later suspended.

20. Defendant hired a non-disabled employee for the day shift position requested by Plaintiff.

21. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

22. On July 20, 2020, Plaintiff was terminated by Defendant because of his disability.

23. As a result of Defendants' discriminatory conduct as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 USC 1981a.

24. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for Judgment against Defendant, HUDSON NEWS GROUP, as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT II
## DISABILITY RETALIATION

6. Plaintiff brings this cause pursuant to the Americans with Disabilities Act, 42 USC 12101 *et seq*., and the Civil Rights Act of 1991.

7. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

8. Plaintiff filed this cause pursuant to a Right to Sue Letter issued by the Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

9. Plaintiff at all times relevant hereto, was a disabled person as defined by 42 USC 12102(2).

10. Plaintiff, at all times relevant hereto, was regarded and perceived as being disabled by his employer.

11. Defendant, at all times relevant hereto, was an employer as defined by 42 USC 12111(5).

12. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

13. On or about February 19, 2019, Plaintiff sustained work related injuries when he was attacked on the job by a co-worker.

14. As a result of the attack by a co-worker, Plaintiff suffered a cracked jaw, sprained nose, injury to his left and right arm, separated rotator cuff and an injured hip and knee.

15. Plaintiff was able to return to work with weight restrictions.

16. Further Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while delivering materials on Defendant's behalf.

17. Shortly after being injured, Plaintiff was informed by his employer that he would be disciplined.

18. Plaintiff complained to his employer that he was being discriminated against on the basis of his disability caused by his work injuries.

19. Subsequently, Plaintiff was not placed on the morning shift, and was later suspended.

20. Defendant hired a non-disabled employee for the day shift position requested by Plaintiff.

21. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

22. On July 20, 2020, Plaintiff was terminated by Defendant because of his disability.

23. As a result of Defendants' retaliatory conduct as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 USC 1981a.

24. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT III
## REVERSE RACE DISCRIMINATION

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is Caucasian.

11. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

12. Plaintiff was the only non-Black delivery driver at Defendant's Elk Grove Village, Illinois location.

13. Gerald [last name unknown], the individual who made the decision to terminate Plaintiff, was Black.

14. Prior to his termination, Plaintiff complained to Defendant regarding certain Black delivery drivers taking drugs in their work vehicles.

15. On or about February 19, 2019, Plaintiff sustained work related injuries such as a broken jaw, sprained nose, injury to his left and right arm, separated rotator cuff, and an injured hip and knee when he was attacked on the job by a co-worker.

16. Plaintiff was able to return to work with weight restrictions.

17. Further Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while delivering materials on Defendant's behalf.

18. Shortly after returning to work following his attack, Plaintiff was informed by his employer that he would be disciplined.

19. Plaintiff complained to his employer that he was being discriminated against on the basis of his race.

20. Subsequently, Plaintiff was not placed on the morning shift, and was later suspended.

21. Defendant hired a Black employee for the day shift position requested by Plaintiff.

22. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

23. On July 20, 2020, Plaintiff was terminated by Defendant because of his race.

24. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant.

25. As a result of Defendant's race based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish

and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT IV
## GENDER DISCRIMINATION

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is male.

11. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

12. On or about February 19, 2019, Plaintiff sustained work related injuries such as a cracked jaw, sprained nose, injury to his left and right arm, separated rotator cuff, and an injured hip and knee when he was attacked on the job by a co-worker. 15. Plaintiff was able to return to work with weight restrictions.

13. Further Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while delivering materials on Defendant's behalf.

14. Shortly after returning to work following his attack, Plaintiff was informed by his employer that he would be disciplined.

15. Plaintiff complained to his employer that he was being discriminated against on the basis of his gender.

16. Subsequently, Plaintiff was not placed on the morning shift, and was later suspended.

17. Defendant hired a Black female employee for the day shift position requested by Plaintiff.

18. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

19. On July 20, 2020, Plaintiff was terminated by Defendant because of his gender.

20. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than female employees of Defendant who were not discharged by Defendant.

21. As a result of Defendant's gender based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT V
## TITLE VII RETALIATION

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is Caucasian.

11. Plaintiff is a male.

12. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

13. Plaintiff was the only non-Black delivery driver at Defendant's Elk Grove Village, Illinois location.

14. Gerald [last name unknown], the individual who made the decision to terminate Plaintiff, was Black.

15. Prior to his termination, Plaintiff complained to Defendant regarding certain Black delivery drivers taking drugs in their work vehicles.

16. On or about February 19, 2019, Plaintiff sustained work related injuries such as a cracked jaw, sprained nose, injury to his left and right arm, separated rotator cuff, and an injured hip and knee when he was attacked on the job by a co-worker.

17. Plaintiff was able to return to work with weight restrictions.

18. Further Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while delivering materials on Defendant's behalf.

19. Shortly after returning to work following his attack, Plaintiff was informed by his employer that he would be disciplined.

20 Plaintiff complained to his employer that he was being discriminated against on the basis of his race and/or his gender.

21. Subsequently, Plaintiff was not placed on the morning shift, and was later suspended.

22. Defendant hired a Black female employee for the day shift position requested by Plaintiff.

23. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

24. On July 20, 2020, Plaintiff was terminated by Defendant for engaging in protected activity.

25. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black and/or female employees of Defendant who were not discharged by Defendant.

26. As a result of Defendant's race and/or gender based retaliatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental

anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT VI
## AGE DISCRIMINATION

1-5. Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

6. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

7. Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

8. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

9. Plaintiff was born in 1959.

10. On July 20, 2020, Plaintiff was discharged from his position as a delivery drive for Defendant.

11. Defendant hired a younger, Black, female employee for the day shift position requested by Plaintiff.

12. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

13. Defendant's reason for terminating Plaintiff was a pretext for discrimination.

14. Plaintiff received discriminatory and harassing comments regarding his age from Defendant prior to his termination.

15. Plaintiff performed his job duties in a satisfactory manner for Defendant.

16. Plaintiff's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff and who were not terminated by Defendant under comparable or worse circumstances.

17. As a result of Defendant's age based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For an award of back pay and lost benefits from July 21, 2020 through the present;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT VII
## ADEA WILLFUL VIOLATION

1-15. Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1–5 above and paragraphs 6-15 of Count VI.

16. Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For an award of back pay and lost benefits from July 21, 2020 through the present;

B. For liquidated damages in an amount equal to Plaintiff's actual damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F.      For such other relief as is just and equitable.

## COUNT VIII
## ADEA RETALIATION

1-5.      Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.      Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on ADEA retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which are attached hereto as Exhibit A.

7.      Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

9.      In direct violation of the ADEA, 29 U.S.C. § 621, et seq., Defendant, by its agents and employees, engaged in the age based retaliatory acts described in the attached Charge of Discrimination, attached hereto as Group Exhibit A, and incorporated herein by reference.

10.      Plaintiff was 60 years of age in 2019.

11.      On July 20, 2020, Plaintiff was discharged from his position as a delivery drive for Defendant for engaging in protected activity.

12.      Defendant's reason for terminating Plaintiff was a pretext for discrimination.

13.      Defendant hired a younger, Black, female employee for the day shift position requested by Plaintiff.

14. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

15. Plaintiff received discriminatory and harassing comments regarding his age from Defendant prior to his termination.

16. Plaintiff complained to Defendant that he believed he was being discriminated against on the basis of his age.

17. Plaintiff performed his job duties in a satisfactory manner for Defendant.

18. Plaintiff's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff and who were not terminated by Defendant under comparable or worse circumstances.

19. As a result of Defendant's retaliatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP a/k/a HUDSON NEWS GROUP, as follows:

A. For an award of back pay and lost benefits from July 21, 2020 through the present;

B. For liquidated damages in an amount equal to Plaintiff's actual damages;

C. Plaintiff was allegedly written off for not coming to work even though he was under a doctor's care at the time.

D. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

                                Respectfully submitted,

                                RICHARD ETHERIDGE

                         By: s/ Barry A. Gomberg
                              One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550