IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No 1:20-cv-7204 |
| | ) | |
| v. | ) | Judge Steven C. Seeger |
| | ) | |
| HUDSON GROUP (HG) RETAIL, LLC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, RICHARD ETHERIDGE (Plaintiff or "Etheridge"), by and through his attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, HUDSON GROUP (HG) RETAIL, LLC., states as follows:

## PARTIES

1. The Plaintiff, Richard Etheridge, is an individual residing in Chicago, Illinois

2. Defendant HUDSON GROUP (HG) RETAIL, LLC ("Defendant" or "Hudson") is a company transacting business in the State of Illinois, with offices located at 2447 East Higgins Road, Elk Grove Village, Illinois 60007.

## JURISDICTION AND VENUE

3. The claims against Defendant are for disability discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 USC 12101, *et seq.*, race and gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, and age discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq.

1

4. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

5. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## COUNT I - <u>DISABILITY DISCRIMINATION</u>

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff brings this cause pursuant to the Americans with Disabilities Act, 42 USC 12101 et seq., and the Civil Rights Act of 1991.

7. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

8. Plaintiff filed this cause pursuant to a Right to Sue Letter issued by the Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

9. Plaintiff at all times relevant hereto, was a disabled person as defined by 42 USC 12102(2).

10. Plaintiff, at all times relevant hereto, was regarded and perceived as being disabled by his employer.

11. Defendant, at all times relevant hereto, was an employer as defined by 42 USC 12111(5).

12. Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

13. Plaintiff was meeting Defendant's legitimate expectations.

14. In April 2019, Plaintiff developed respiratory issues after being exposed to toxic materials at O'Hare International Airport while making deliveries on Defendant's behalf to Terminals 3 and 5 where construction was taking place.

15. Plaintiff was exposed to an excessive amount of paint fumes from April 2019 through June 2019 when he walked and drove a forklift in Terminals 3 and 5.

16. As a result of the exposure, Plaintiff has been permanently disabled since September 2019.

17. Shortly after being exposed to excessive paint fumes on a daily basis while at work, Plaintiff was forced to take time off to seek medical attention.

18. Defendant was aware of Plaintiff's disability because Plaintiff informed his supervisors, Gerald (last name unknown) and Roosevelt (last name unknown) of same.

19. In early May 2019, Plaintiff informed Human Resources that he was seeking medical attention because he could not breathe as a result of breathing in toxic fumes at O'Hare.

20. On or about May 28, 2019, Defendant hired a non-disabled employee, Ceara Weeks and Anjelica Clark, for day shift positions requested by Plaintiff.

21. On July 20, 2019, Plaintiff was informed by Manager Gerald [last name unknown] that he had received at least three (3) write-ups when he was under a doctor's care because he was off work too many days even though Defendant was aware that Plaintiff was seeking medical attention due to his disability.

22. On July 20, 2019, Plaintiff was terminated by Defendant because of his disability.

29. As a result of Defendants' discriminatory conduct as aforesaid, Plaintiff has

suffered injury to his career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 USC 1981a.

23. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for Judgment against Defendant, HUDSON GROUP (HG) RETAIL, LLC., as follows:

A. For back pay from May 2019 through July 21, 2019;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT II
## REVERSE RACE DISCRIMINATION

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7.     Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8.     Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9.     Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10.    Plaintiff is Caucasian.

11.    Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

12.    Plaintiff was the only non-Black delivery driver at Defendant's Elk Grove Village, Illinois location.

13.    Gerald [last name unknown], the individual who made the decision to terminate Plaintiff, was Black.

14.    In or about February 2019, Plaintiff complained to Managers Gerald [last name unknown and Roosevelt regarding certain Black delivery drivers, including, Derrick, taking drugs in their work vehicles.

15.    On or about February 19, 2019, Plaintiff sustained work related injuries such as a broken jaw, sprained nose, injury to his left and right arm, separated rotator cuff, and an injured hip and knee when he was attacked on the job by a Black co-worker, Derrick.

16.    In or about May 2019, Plaintiff applied for a driver position on the day shift which he did not receive.

17. Defendant hired a less experienced Black applicant for the day shift position even though they did not have a required CDL license, a DOT card or the amount of driving experience of Plaintiff.

18. In or about May or June 2019, Plaintiff complained to his Union that Managers Gerald and Roosevelt were discriminating against on the basis of his race.

19. On July 20, 2019, Plaintiff was informed that he had received several write ups over the prior weeks (even though he had never heard of them before) for his attendance even though he under the care of a doctor.

20. No other drivers (all Black) were not terminated for applying but not being promoted to the day shift.

21. On July 20, 2020, Plaintiff was terminated by Defendant because of his race.

22. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant.

23. As a result of Defendant's race based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP (HG) RETAIL, LLC., as follows:

A. For back pay from July 21, 2020 to the present;

B. For an award of compensatory damages for Etheridge's injury to his career, back

pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

    C.      Front pay;

    D.      Punitive damages;

    E.      For attorney's fees and costs of this suit; and

    F.      For such other and further relief as is just and equitable.

## COUNT III
## SEX DISCRIMINATION

1-5.    Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on sex discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7.    Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8.    Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9.    Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10.    Plaintiff is male.

11.    Plaintiff was hired by Defendant on or about October 1, 2018 as a delivery driver.

12. In or about May 2019, Plaintiff applied for two driver positions on the day shift which he did not receive – one going to Ceara Weeks and the other to Angelica Clark.

13. In or about May or June 2019, Defendant hired a less experienced female applicant, Ceara Weeks, for the day shift position even though she did not have a required CDL license, a DOT card or the amount of driving experience of Plaintiff.

14. In or about May or June 2019, Defendant hired yet another female applicant, Anjelica Clark, to be the top driver for Defendant at Elk Grove Village, Illinois even though she also did not have a required CDL license, a DOT card or the amount of driving experience of Plaintiff.

18. In or about May or June 2019, Plaintiff complained to his Union that Managers Gerald and Roosevelt were discriminating against him on the basis of his sex.

19. On July 20, 2019, Plaintiff was informed that he had received several write ups over the prior weeks (even though he had never heard of them before) for his attendance even though he under the care of a doctor.

22. Defendant's reasons for not placing Plaintiff on the day shift were pretextual because Plaintiff's performance was as good, if not better, than female employees of Defendant who did not have the CDL license, a DOT card or the amount of driving experience of Plaintiff.

23. As a result of Defendant's sex based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP (HG) RETAIL, LLC., as follows:

A. For back pay from May 2019 through July 21, 2019;

B. For an award of compensatory damages for Etheridge's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Front pay;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

## COUNT IV
## AGE DISCRIMINATION

1-5. Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

6. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

7. Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

8. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

9. Plaintiff was born in 1959.

10. On July 20, 2020, Plaintiff was discharged from his position as a delivery drive

for Defendant.

11. In or about May 2019, Plaintiff applied for two driver positions on the day shift which he did not receive – one going to Ceara Weeks and the other to Angelica Clark.

12. In or about May or June 2019, Defendant hired a younger (in her 20's) applicant, Ceara Weeks, for the day shift position even though she did not have a required CDL license, a DOT card or the amount of driving experience of Plaintiff.

13. In or about May or June 2019, Defendant hired another younger (in her 20's) applicant, Anjelica Clark, to be the top driver for Defendant at Elk Grove Village, Illinois even though she did not have a required CDL license, a DOT card or the amount of driving experience of Plaintiff.

14. In or about May or June 2019, Plaintiff complained to the Union and to Managers Gerald and Roosevelt that he was being discriminated against on the basis of his age.

15. Plaintiff performed his job duties in a satisfactory manner for Defendant.

16. Plaintiff's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff and who received day shift positions for which Plaintiff applied.

17. As a result of Defendant's age based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP (HG) RETAIL, LLC., as follows:

A. For an award of back pay and lost benefits from May 2019 to July 21, 2019;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT V
## ADEA WILLFUL VIOLATION

1-17. Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1–5 above and paragraphs 6-17 of Count IV.

18. Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff RICHARD ETHERIDGE prays for judgment against Defendant HUDSON GROUP (HG) RETAIL, LLC., as follows:

A. For an award of back pay and lost benefits from May 2019 through July 21, 2019 through the present;

B. For liquidated damages in an amount equal to Plaintiff's actual damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

Respectfully submitted,

RICHARD ETHERIDGE

By: s/ Barry A. Gomberg
One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

# CERTIFICATE OF SERVICE

To: Norman M. Leon
DLA Piper
444 W Lake St, Ste 900
Chicago, IL 60606
norman.leon@us.dlapiper.com

Garrett Kennedy
DLA Piper
1251 Avenue of the Americas
New York, NY. 10020-1104
garrett.kennedy@us.dlapiper.com

Barry A. Gomberg, an attorney, hereby states that a copy of the Plaintiff's Second Amended Complaint was served upon counsel for Defendant by emailing a copy of same to the above listed attorneys on February 16, 2022.

s/Barry A. Gomberg